IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

        v.

JACOB SHAMP,

        Defendant.

15-CR-6053 G

## PLEA AGREEMENT

The defendant, JACOB SHAMP, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1594(c) (conspiracy to commit sex trafficking of a minor), for which the maximum possible sentence is a term of imprisonment of life, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.  The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 1593, the Court must order restitution for the full amount of the victim or victims' compensable losses as determined by the Court. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

3.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.

4.      The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after,

2

any change of the defendant's name, residence, employment, or student status.   The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

5.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   That there was a conspiracy to recruit, harbor, entice, transport, obtain, or maintain by any means;

b.   In or affecting interstate or foreign commerce;

c.   A person, and

d.   Knowing and in reckless disregard of the fact that the person was under the age of 18 and would be caused to engage in a commercial sex act.

## FACTUAL BASIS

6.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

3

a.    Between on or about January 1, 2015, and on or about January 14, 2015, the defendant, JACOB SHAMP, in the Western District of New York, did knowingly in and affecting interstate and foreign commerce, combine, conspire, confederate and agree with ASHLEE COOK, to commit an offense against the United States, namely, to recruit, entice, harbor, transport, provide, obtain and maintain an individual, Victim 1, knowing and in reckless disregard of the fact that Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act.

b.    At all times relevant, JACOB SHAMP and ASHLEE COOK knew and acted in reckless disregard of the fact that Victim 1 was under the age of 18 and would be caused to engage in a commercial sex act. JACOB SHAMP and ASHLEE COOK initially found clients on Craigslist and responded to them utilizing COOK's email address, knowing that Victim 1 would be caused to engage in commercial sex acts. Approximately one week later, JACOB SHAMP and ASHLEE COOK posted an advertisement for Victim 1 on Backpage.com. The advertisement was connected to JACOB SHAMP's cellular telephone and he would arrange the escort appointment for Victim 1. JACOB SHAMP and ASHLEE COOK provided transportation for Victim 1 to meet with customers to engage in commercial sex acts and received a portion of the profits. Both Craigslist and Backpage.com are internet websites providing classified advertising across the United States and internationally.

## III.    SENTENCING GUIDELINES

7.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines § 2G1.3(a)(2) applies to the offense of conviction and provides for a base offense level of 30.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristics do apply:

    a.     the two-level increase pursuant to Guidelines § 2G1.3(b)(3)(B) (use of a computer to entice, encourage, offer or solicit a person to engage in prohibited sexual conduct with a minor).

    b.     the two-level increase pursuant to Guidelines § 2G1.3(b)(4) (offense involved commission of a sex act).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 34.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a)

5

(acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

## CRIMINAL HISTORY CATEGORY

12.     It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.     It is the understanding of the government and the defendant that, with a total offense level of 31 and criminal history category of III, the defendant's sentencing range would be a term of imprisonment of 135 to 168 months, a fine of $15,000 to $150,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

6

14.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.     STATUTE OF LIMITATIONS

16.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to sex trafficking of minors and conspiracy to commit sex trafficking of minors which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

7

## V.   GOVERNMENT RIGHTS AND RESERVATIONS

17.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and
        evidence in its possession that the government deems relevant
        concerning the defendant's background, character and involvement in
        the offense charged, the circumstances surrounding the charge and the
        defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on
        the defendant's behalf that are inconsistent with the information and
        evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this
        agreement including the amount of restitution and/or a fine and the
        method of payment;

d.      modify its position with respect to any sentencing recommendation or
        sentencing factor under the Guidelines including criminal history
        category, in the event that subsequent to this agreement the
        government receives previously unknown information, including
        conduct and statements by the defendant subsequent to this agreement,
        regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence
        outside the Guidelines range made by the defendant.

18.     At sentencing, the government will move to dismiss the Criminal Complaint

(15-MJ-515) in this action as against the defendant.

19.     The defendant agrees that any financial records and information provided by

the defendant to the Probation Office, before or after sentencing, may be disclosed to the

United States Attorney's Office for use in the collection of any unpaid financial obligation.

8

## VI.   APPEAL RIGHTS

20.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

9

## VII.   FORFEITURE PROVISIONS
## COMPUTERS

23.   The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized one LG Cellular Phone Model LS620 with serial number 411CYXM0574690, which was seized by law enforcement officials based upon the execution of a search warrant.

24.   Since the cellular telephone was an instrumentality of the crime, the defendant specifically agrees to the forfeiture or abandonment of the cellular telephone and all of the components and related media to the United States pursuant to **Title 18 U.S.C. §§ 1594(d)** and **(e)**, and will be referenced in the PRELIMINARY ORDER OF FORFEITURE and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

25.   The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

26.   The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.   The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy,

10

whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

27. The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

28. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted.

## VIII.  TOTAL AGREEMENT AND AFFIRMATIONS

29. This plea agreement represents the total agreement between the defendant, **JACOB SHAMP**, and the government. There are no promises made by anyone other than

those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:

MELISSA M. MARANGOLA
Assistant United States Attorney
United States Attorney's Office
100 State Street, Room 500
Rochester, New York 14614
(585) 399-3925

Dated: May 2], 2015

12

## ACKNOWLEDGMENT

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Mark Hosken, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.


JACOB SHAMP
Defendant

Dated:  May 27, 2015


MARK HOSKEN, ESQ.
Attorney for the Defendant

Dated:  May 27, 2015